**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLYDE JAMES RAINEY, | No. 08-17222 |
| Petitioner - Appellant, | D.C. No. 4:07-cv-00678-CW |
| v. | |
| MIKE KNOWLES, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Argued and Submitted June 15, 2010
San Francisco, California

Before: RYMER and FISHER, Circuit Judges, and PALLMEYER, District
Judge.[**]

Clyde James Rainey appeals the district court's denial of his habeas corpus

petition under 28 U.S.C. § 2254.  We affirm.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.


[**]       The Honorable Rebecca R. Pallmeyer, United States District Judge for
the Northern District of Illinois, sitting by designation.

I

The California Court of Appeal's determination that the trial court was not required *sua sponte* to hold a competency hearing is neither contrary to, nor an unreasonable application of, Supreme Court precedent. The standard applied by the court of appeal comports with federal law. *See, e.g.*, *Godinez v. Moran*, 509 U.S. 389, 402 (1993); *Pate v. Robinson*, 383 U.S. 375, 383-85 (1966). No controlling federal law indicates that a mental deficiency, alone, suffices, nor did Rainey's behavior raise a bona fide doubt such that the trial court was obliged to conduct a hearing on its own initiative. Expert testimony showed that Rainey could think, get through life, and live and work on his own. And Rainey's discussion with his mother not only reveals consciousness of guilty, but confirms Rainey's understanding of the nature of the proceedings he faced and his ability to help in his defense. Finally, defense counsel expressed no concern about Rainey's competence. This is not a controlling factor as a matter of federal law (as it is under California state law), but it bolsters the conclusion that the trial judge was not required to conduct a competency hearing.

II

The state trial judge's finding on habeas review that Phillip Kendrick's statement was not material, and thus that failure to disclose it did not violate *Brady v. Maryland*, 373 U.S. 83 (1963), is not based on an unreasonable determination of the facts. Kendrick testified at an evidentiary hearing, gave several different versions of the incident, and admitted he was not telling the truth. Nor was the court's determination an unreasonable application of *Brady*. *See United States v. Bagley*, 473 U.S. 667, 681-82 (1985); *Strickler v. Greene*, 527 U.S. 263, 280 (1999). The absence of testimony as unreliable and untrustworthy as Kendrick's does not undermine confidence in the outcome.

The trial court's conclusion that any attempt to prove Rainey's confession was false would be unavailing likewise is neither contrary to, nor an unreasonable application of, Supreme Court precedent. Rainey's statements to his mother were clear, spontaneous, and unqualified. His statement to the police also implicated a gang member, which would undermine a theory that he was afraid of gang retaliation.

AFFIRMED.